951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
PREMISES KNOWN AS 326 SPRUCE STREET, S.E., GRAND RAPIDS,
COUNTY OF KENT, MICHIGAN, a parcel of real
property, and all appurtenances thereto, Defendant,
Melvin Cross, Claimant-Appellant.
 No. 91-1697.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Melvin Cross, a federal prisoner, appeals the district court's order granting summary judgment for the United States in its civil complaint for forfeiture brought pursuant to 21 U.S.C. § 881(a)(7). This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Cross in April 1989 of one count of conspiracy to possess with intent to distribute cocaine, one count of distribution of cocaine, and five counts of distribution of cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841, 845, and 846. He was sentenced to seven concurrent terms of 36 months imprisonment, six years of supervised release, a $7,500 fine, and a $350 special assessment. His conviction was affirmed without opinion by a panel of this court. United States v. Cross, No. 89-1865 (6th Cir. March 27, 1990).
 
 
 4
 On May 23, 1989, the United States filed a civil action for forfeiture of the property named in the caption of this case, along with a supporting affidavit that Cross used the property to commit and facilitate his drug trafficking. On May 26, 1989, a Notice of Forfeiture Action was filed which notified potential claimants to the property of the time and procedure for filing a claim. Cross duly submitted a claim of ownership and, in his answer to the complaint, asserted that the defense of entrapment precluded forfeiture of the defendant property. The United States submitted a motion for summary judgment to which Cross responded. Cross subsequently filed an affidavit supporting his opposition to the motion.
 
 
 5
 On April 16, 1991, the district court filed an opinion and order granting the government's motion for summary judgment. The district court noted that Cross did not dispute the fact that he used the defendant property in the course of the drug transactions for which he was convicted, but merely relied upon an entrapment defense which was rejected by the jury in his criminal trial. The district court then held that, under Sixth Circuit case law, entrapment may not be used as a defense in a civil forfeiture proceeding.
 
 
 6
 Cross's court-appointed attorney has filed a brief on appeal and also a motion to withdraw as counsel, pursuant to Anders v. California, 386 U.S. 738 (1967). Although he was advised of his right to file a pro se brief in light of his attorney's motion to withdraw. Cross has not filed a separate brief within the prescribed time. In his appellate brief, counsel raises the issues of entrapment and whether the United States has shown by a preponderance of the evidence that there existed a substantial connection between the defendant property and the underlying criminal activity.
 
 
 7
 Upon review, we affirm the district court's order because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 Accordingly, we grant the motion to withdraw as counsel. The district court's order, filed April 16, 1991, is affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation